**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ALAN CULLEN | : | |
| | : | CIVIL ACTION NO. |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| COTT CORPORATION | : | |
| | : | **JURY TRIAL DEMANDED** |
| *Defendant.* | : | |

## CIVIL ACTION COMPLAINT

### I.   PRELIMINARY STATEMENT

1.      This is a claim against the Defendant, Cott Corporation, for personal injuries caused to Plaintiff, Alan Cullen, by the negligent acts and/or omissions of Defendant and its agents, servants, employees, workmen and/or representatives.

### II.   PARTIES

2.      Plaintiff, Alan Cullen, is an adult individual and Citizen of the Commonwealth of Pennsylvania, residing therein at 242 South Mt. Airy Road, Coatesville, PA 19320.

3.      Defendant, Cott Corporation, was and is now a business entity, believed to be a corporation, engaged in the business of beverage production and manufacturing, with a corporate headquarters and principal place of business located at 5519 W. Idlewild Avenue, Tampa, FL 33634.

4.      At all times relevant hereto, the Defendant acted by and through its trustees, directors, agents, servants, employees, workmen and/or other representatives, who were, in turn, acting within the course and scope of their employment, agency and/or service for the same and under the direct control of Defendant.

5.     At all times material herein, the Defendant, by and through its trustees, directors, agents, servants, workmen, employees and/or other representatives, acting within the course and scope of their employment, agency and/or service with the Defendant, owned, operated, controlled, leased, inspected, possessed, managed and/or maintained the premises located at 20 Aldan Avenue, Glen Mills, PA 19342.

6.     On or about January 31, 2013, and for a long time prior thereto, it was the duty of the Defendant, by and through its trustees, directors, agents, servants, workmen, employees and/or other representatives, to keep and maintain the premises located at 20 Aldan Avenue, Glen Mills, PA 19342 in a reasonably safe condition for persons lawfully upon the premises, such as Plaintiff, Alan Cullen.

## III.    JURISDICTION AND VENUE

7.     Jurisdiction is conferred upon this Court by virtue of the parties' diversity of citizenship pursuant to 28 U.S.C. § 1332.

8.     The amount in controversy in this action is in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs and fees.

9.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the events or omissions giving rise to Plaintiff's claim occurred in this district.

## IV.    STATEMENT OF CLAIMS

10.     On or about January 31, 2013, Plaintiff, Alan Cullen, was cleaning out a digester of waste water in a 70,000 gallon tank in the course and scope of his employment with McGovern Environmental on the Defendant's aforesaid premises located at 20 Aldan Avenue, Glen Mills, PA 19342 when, suddenly and without warning and as a direct result of a defective and/or dangerous condition of the premises, the Plaintiff, after being informed by employee(s) of the Defendant that

the waste water was soda water and working in the digester wearing hip waders, felt a painful

sensation in his legs.

11.     The waste water in fact contained ammonium sulfate, diammonium phosphate, and

soda ash, which caused Plaintiff to sustain various severe and permanent bodily injuries and losses

as more fully set forth below.

12.     The incident described in the preceding paragraphs of the within Complaint was

caused solely by the negligence and carelessness of the Defendant, Cott Corporation, by and

through its agents, servants, workmen, employees and/or other representatives acting within the

course and scope of employment for the same, generally and in the following particular respects:

a)  carelessly and negligently allowing the premises to exist in a dangerous condition
    for a prolonged period of time so as to cause injury to the Plaintiff;

b)  carelessly and negligently failing to inspect the premises in such a manner so as to
    identify defects and prevent potential bodily injury to third parties such as the
    Plaintiff;

c)  failing to properly advise Plaintiff as to the nature of the chemicals with which he
    was working so as to avoid injuries of the type suffered by Plaintiff;

d)  carelessly and negligently failing to recognize the defect which caused the
    dangerous chemicals to pose a risk to Plaintiff and failing to timely remedy same;

e)  carelessly and negligently creating and allowing a dangerous condition to exist by
    failing to provide proper safety warnings to individuals lawfully on the Defendant's
    premises;

f)  carelessly and negligently failing to ensure that the Plaintiff could conduct his
    business on the Defendant's aforesaid premises in a manner which would not
    expose him to harmful chemicals that posed a serious threat of injury without
    Plaintiff's knowledge;

g)  carelessly and negligently failing to adequately and timely repair defects to said
    premises;

h)  carelessly and negligently failing to correct a dangerous and hazardous condition
    of which Defendant was aware or should have been aware;

i) failing to warn persons lawfully upon the Defendant's premises, such as the Plaintiff, of the aforesaid dangerous condition;

j) otherwise failing to provide a safe place for persons lawfully upon the Defendant's premises, such as the Plaintiff, to conduct their business;

k) negligence by virtue of the doctrine of *respondeat superior*; and

l) negligence by virtue of the doctrine of *res ipsa loquitur*.

13.     Plaintiff, Alan Cullen, in no manner contributed to his injuries which were the direct and proximate result of the Defendant's own negligence and or/carelessness.

14.     As a result of the aforesaid negligence of the Defendant, Plaintiff, Alan Cullen, suffered severe injuries including, but not limited to, second degree chemical burns to bilateral thighs and right leg, as well as aches, pains, mental anxiety and anguish and a severe shock to his entire nervous system.  Plaintiff has in the past and will in the future be unable to engage in his usual activities, all to his great detriment and loss.

15.     As a result of the aforesaid negligence of the Defendant, Plaintiff has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of his injuries and incur such expenditures for an indefinite time in the future.

16.     As a further result of the aforesaid accident, Plaintiff has in the past and may in the future suffer a loss of his earnings and/or earning power, and he may incur such loss for an indefinite period in the future.

17.     Further, by reason of the aforesaid occurrence, Plaintiff has and/or may hereafter incur other financial expenses all in an effort to treat and cure himself of the injuries sustained in the aforesaid accident.

18.     As a result of this accident, Plaintiff has or may have suffered injuries resulting in the serious and/or permanent loss of use of a body function and/or scarring, which may be in full or in part cosmetic disfigurements which are or may be permanent, irreparable and severe.

19.     As a further result of this accident, Plaintiff has suffered a loss of the enjoyment of his usual duties, avocations, life's pleasures and activities, and the shortening of his life expectancy, all to his great detriment and loss.

20.     As a further result of the aforesaid accident, Plaintiff has suffered great and unremitting physical pain, suffering and mental anguish, all of which may continue in the future.

**WHEREFORE**, Plaintiff, Alan Cullen, demands judgment in his favor and against Defendant, Cott Corporation, in an amount in excess of $150,000.00 together with costs of suit, interest and reasonably attorneys' fees, as well as any such other relief as the Court deems adequate, just and proper.

## JURY DEMAND

Plaintiff hereby demands a jury trial of all claims and issues.

Respectfully,

**SWARTZ CULLETON PC**

By:     /s/Brandon A. Swartz
      Brandon A. Swartz, Esquire
      Joseph P. Guzzardo, Esquire
      547 E. Washington Avenue
      Newtown, PA 18940
      T: (215) 550-6553
      F: (215) 550-6557

      Attorneys for Plaintiff,
      Alan Cullen

Date:  June 12, 2014